**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAIYAMKUMAR BHARATKUMAR PATEL, | ) ) ) | Case No. 3:25-cv-00465 |
| Petitioner, | ) ) ) | District Judge Stephanie L. Haines Magistrate Judge Kezia O. L. Taylor |
| v. | ) ) | |
| KRISTI NOEM, et al., | ) ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

**I.    BACKGROUND**

Pending before the Court is Petitioner's Motion to Enforce the Court's Order granting his Petition for Writ of Habeas Corpus. ECF No. 14. Petitioner's motion seeks to enforce this Court's Order dated February 9, 2026, which granted his Petition to the extent it sought an individualized bond hearing. ECF No. 11. Pursuant to said Order, Petitioner received a custody redetermination hearing before an Immigration Judge ("IJ") on February 17, 2026. The IJ denied bond on the basis that Petitioner was a flight risk. ECF No. 14-1. It is unclear if Petitioner appealed or will appeal the IJ's order to the Board of Immigration Appeals ("BIA"), although he reserved his right to do so. *Id.* Of note, the parties did not submit a copy of the hearing transcript, nor did they submit the IJ's "Bond Memorandum" in the event that Petitioner has already filed an appeal.

In his motion, Petitioner asserts that his bond hearing "did not comply in substance with this Court's mandate or with due process requirements." ECF No. 14 at 1. As relief, he seeks an

order directing his release. *Id.* at 4. As directed by the Court, Respondents filed a response in opposition to Petitioner's motion. ECF No. 16.

## II.    <u>JURISDICTION</u>

The Immigration and Nationality Act ("INA") divests this Court of jurisdiction to review an IJ's discretionary decision-making with respect to bond. Specifically, 8 U.S.C. § 1226(e) states:

> (e) Judicial review
>
> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

As a general proposition, it is beyond reasonable dispute that a habeas court retains jurisdiction to enforce compliance with an order conditionally granting the writ. *See, e.g., Fernandez Aguirre v. Barr*, No. 19-CV-7048, 2019 WL 4511933, at *3 (S.D.N.Y. Sept. 18, 2019). *Cf Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) (a conditional grant of a writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner."). *Accord Haskell v. Folino*, 461 F. Supp. 3d 202, 210-11 (W.D. Pa. 2020). However, there is little guidance from the United States Court of Appeals for the Third Circuit as to the interplay between this Court's authority to enforce its prior conditional grant of the writ, and Section 1226(e)'s bar of review of the IJ's discretionary bond decision.

But, in *Ghanem v. Warden Essex County Correctional Facility*, No. 21-1908, 2022 WL 574624 (3d Cir. Feb. 25, 2022), a non-precedential opinion, the Third Circuit discussed the scope of a federal habeas court's jurisdiction to review the outcome of an immigration bond hearing for

compliance with an order conditionally granting federal habeas relief. It stated that "[a]lthough we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we may review whether the bond hearing was fundamentally unfair." *Id.* at *2 (citation footnotes omitted). Thus, this Court retains jurisdiction to review the bond hearing for fundamental fairness.

## III.    <u>EXHAUSTION</u>

Respondents argue that Petitioner should be required to exhaust his administrative remedies by seeking review of the bond proceedings with the BIA. ECF No. 16 at 3-4.

While Section 2241 does not include an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. *Moscato v. Fed Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

But, it is not clear that there is any exhaustion issue here at all. This is not a newly-filed habeas petition in which Petitioner seeks habeas review of the IJ's decision denying bond. Instead, Petitioner is seeking relief from his detention on the basis that his detention is governed under 8 U.S.C. § 1226(a) and not § 1226(b), and, as to that issue, the writ has already been granted. Now, Petitioner asks this Court to review the IJ's hearing for compliance with that Order. Accordingly, it appears there is nothing left for Petitioner to exhaust. *See, e.g., Luciano-Jimenez v. Doll*, 543 F. Supp. 3d 69, 71 n.1 (M.D. Pa. 2021).

Moreover, to the extent that any exhaustion issue exists, exhaustion in this context is not mandatory, but prudential, and may be excused. *Chajchic v. Rowley*, No. 1:17-CV-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25, 2017), *report and recommendation adopted*, 2017 WL

4387062 (M.D. Pa. Oct. 3, 2017). Therefore, the Court concludes that the exhaustion doctrine does not bar this Court's review of Petitioner's motion.

## IV.    MERITS

First, Petitioner must be reminded that this Court "does not sit as a plenary tribunal conducting *de no* reviews of Immigration Judge bond decisions." *Chajchic*, 2017 WL 4401895, at *3. Instead, the Court's role "is narrow." *Id.* Federal courts retain the authority to review only whether a resulting immigration bond hearing was fundamentally unfair. *Ghanem*, 2022 WL 574624, at *2. "In a fundamentally fair bond hearing, due process has three essential elements. An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (citation footnote and internal quotation marks omitted).

Presumably, Petitioner does not contest elements one and two. Instead, Petitioner's arguments appear to rest on the third element in that the IJ did not provide him with an individualized bond hearing. Of note, he argues that the IJ failed to make an individualized assessment of his flight risk by considering his history of maintaining stable work and a stable residence and his consistent compliance with previous ICE check ins and hearings. Instead, he claims that the IJ exclusively relied on the Government's speculation that Petitioner might not attend his individualized hearing if he were released on bond and that the IJ did not consider non-bond alternatives to detention.

It is again noted that there is no reviewable record of the bond proceedings for this Court to consider. The Court's review is limited to what is in the record, which is only the parties'

4

briefs and the IJ's short order indicating in one sentence that Petitioner was denied bond because he was a flight risk. It is Petitioner's burden to prove that he is entitled to the relief he is seeking, and he cannot do so by simply asking this Court to credit his representations about what transpired at the hearing and what he believes the IJ's rationale was for denying bond. Without the transcript of the bond hearing or a written decision by the IJ explaining her reasons for denying bond, the Court is unable to know what the rationale was behind the IJ's decision.

Nevertheless, Petitioner appears to simply challenge the weight that the IJ gave to the evidence presented at the bond hearing, which is a discretionary determination beyond this Court's review. This Court cannot reweigh the evidence submitted at the bond hearing or review the IJ's determination *de novo*. *Id.*; *see also Chajchic*, 2017 WL 4401895, at \*3; *Ghanem*, 2022 WL 574624, at \*2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.") Furthermore, the IJ was not required to consider less restrictive alternatives to detention as Petitioner argues in his motion.

Simply put, Petitioner has not met his burden. While this Court does not express any opinion on whether the IJ came to the correct conclusion, based solely on the record before the Court, Petitioner has not demonstrated that his bond hearing was fundamentally unfair. Therefore, the motion will be denied.

## V.    CONCLUSION

For the reasons set forth herein, the motion will be denied. It is important, however, to reiterate that this order is not a ruling on the merits of the IJ's decision to deny bond. Such a determination is beyond the scope of this Court's review and must be left to the BIA.

Accordingly, nothing in this order should be read to interfere with the BIA's review of the merits of the IJ's decision denying bond.

<b><u>ORDER</u></b>

AND NOW, this 26th day of March, 2026, IT IS HEREBY ORDERED that Petitioner's Motion to Enforce, ECF No. 14, is DENIED.

Stephanie L. Haines
United States District Judge

Cc:    Saiyamkumar Bharatkumar Patel
246-259-408
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA  16866

Counsel of record
(Via CM/ECF electronic mail)